IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Global Home Products LLC, et al.,[1] | ) | Case No. 06-10340 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) Related Doc. # 15 | |

## ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AUTHORIZING, BUT NOT REQUIRING THE PAYMENT OF PREPETITION CLAIMS OF CRITICAL TRADE VENDORS

This matter coming before the Court on the *Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code for an Order Authorizing the Payment of Prepetition Claims of Critical Trade Vendors* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors");the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors are the following entities:  Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico. Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico. Inc.; Mirro Operating Company LLC

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Debtors are authorized, but not directed, in their sole discretion to pay a portion of the prepetition claims (the "Critical Vendor Claims") of the Critical Vendors, up to an aggregate total of $8,000,000 which may be apportioned among the Critical Vendors.

3.     The Debtors are authorized to undertake appropriate efforts to cause Critical Vendors to enter into an agreement with the Debtors pursuant to the terms set forth in the Motion and Exhibit A and Exhibit B to the Motion. This Order is intended to authorize, but shall not require the Debtors to enter into an agreement with a Critical Vendor (a "Critical Trade Agreement") only when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

4.     The Debtors are authorized, in their discretion to make payments on account of Critical Vendor Claims in the absence of a Critical Trade Agreement after the Debtors have undertaken diligent efforts to cause the Critical Vendor holding such Critical Vendor Claim to execute a Critical Trade Agreement and to agree to the Required Trade Terms and if the Debtors determine in their business judgment that failure to pay the Critical Vendor Claim, at least in part, is likely to result in irreparable harm to the Debtors' business operations. The Debtors shall also have the right to negotiate trade terms with any Critical Vendor in a

Case 06-10340-KG   Doc 42   Filed 04/11/06   Page 3 of 3

reasonable exercise of their business judgment as a condition to payment of any Critical Vendor
Claim.

     5.    If a Critical Vendor refuses to supply goods and/or services to the Debtors
on the Required Trade Terms following receipt of payment on its Critical Vendor Claim, or fails
to comply with any Trade Agreement entered into between such Critical Vendor and the
Debtors, then the Debtors shall be authorized, without further order of the Court, to declare that
provisional payments made to Critical Vendors on account of Critical Vendor claims be deemed
to have been in payment of then-outstanding postpetition claims of such vendors and require that
the Critical Vendor shall then immediately repay to the Debtors any payment made to it on
account of its Critical Vendor Claims to the extent that the aggregate amount of such payments
exceeded the postpetition obligations when outstanding to such vendor without giving effect to
any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or
otherwise.

     6.    This Court shall retain jurisdiction with respect to all matters arising from
or related to the implementation of this Order.

     7.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g),
7062, 9014, or other rules, the terms and conditions of this Order shall be immediately effective
and enforceable upon its entry.

     8.    All time periods set forth in this Order shall be calculated in accordance
with Bankruptcy Rule 9006(a).

Dated: _____, 2006

                       The Honorable Kevin Gross
                       United States Bankruptcy Judge

31604-001\DOCS_DE:117070.4    3