IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Global Home Products LLC, et al.,[1] | ) | Case No. 06-10340 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 11, 2006 at 4:00 p.m. ET**
**Hearing: To be scheduled, only if required**

# MOTION OF DEBTORS FOR AN ORDER (1) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM, (2) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (3) FIXING BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF BANKRUPTCY CODE § 503(b)(9) ADMINISTRATIVE EXPENSE CLAIMS, (4) DESIGNATING FORM AND MANNER OF NOTICE THEREOF, AND (5) GRANTING RELATED RELIEF

The captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion") for entry of an order, pursuant to sections 501, 502(b)(9) and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7) and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 2002-1(e) (the "Local Rules"): (1) fixing bar date for the filing of proofs of claim, (2) fixing bar date for the filing of proofs of claim by governmental units, (3) fixing bar date for the filing of requests for allowance of administrative expense claims arising under Bankruptcy

---

[1] The Debtors are the following entities: Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico, Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico, Inc.; and Mirro Operating Company LLC.

Code § 503(b)(9), (4) designating form and manner of notice thereof, and (5) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 501, 502(b)(9) and 503 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003, and Local Rule 2002-1(e).

## Background

4. On April 10, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). No request has been made for the appointment of a trustee or an examiner and the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 26, 2006, an official committee of unsecured creditors was appointed by the United States Trustee in the Debtors chapter 11 cases (the "Committee).

5. On May 2, 2006, Burnes Operating Company LLC, Intercraft Company, Picture LLC, Burnes Puerto Rico Inc., Burnes Acquisition Inc. filed their Summary of Schedules and Statement of Financial Affairs; and on May 11, 2006, Anchor Hocking Acquisition Inc.,

Global Home Products LLC, GHP Holding Company LLC, Anchor Hocking Consumer Glass Corporation, Mirro Acquisition Inc., Anchor Hocking Inc., GHP Operating Company LLC, AH Acquisition Puerto Rico, Inc., Anchor Hocking CG Operating Company LLC, Anchor Hocking Operating Company LLC, Mirro Puerto Rico, Inc. and Mirro Operating Company filed their Summary of Schedules and Statement of Financial Affairs (collectively, the "Schedules").

      6.      On May 8, 2006, the Bankruptcy Code § 341 meeting of creditors was held.

      7.      Global Home Products is a leading designer, marketer and manufacturer of well known, branded consumer and specialty products to retail and hospitality customers and to original equipment manufacturers. As of the Petition Date, Global Home Products operated three primary business divisions through its Anchor Hocking businesses ("Anchor Hocking"), WearEver businesses ("WearEver") and Burnes Group businesses (the "Burnes Group"). Anchor Hocking produces beverageware, cookware, bakeware, home décor items, and glass components for commercial customers. Anchor Hocking's glassware products cross all price points through retail, specialty, business-to-business, and hospitality channels. WearEver produces metal bakeware, cookware and accessories and is recognized as a leading marketer and manufacturer of multi-branded metal cookware and bakeware products and accessories. WearEver sells metal cookware, bakeware and related accessories throughout North America, principally in the opening and mid-tier price points through retail channels. The Burnes Group designed and sold ready-made picture frames, photo albums, scrapbooks and related home accessories.

8.  As of the Petition Date, the Debtors maintained a senior secured revolving line of credit with Wachovia Bank, National Association, as agent acting for the financial institutions party thereto as lenders ("Wachovia"), pursuant to that certain Loan Agreement, dated as of June 22, 2004, as amended (the "Wachovia Loan Agreement"). As of the Petition Date, Wachovia was owed approximately $115 million under the Wachovia Loan Agreement, all under the revolver (the "Wachovia Loan Indebtedness"). The Wachovia Loan Indebtedness is secured by a lien on substantially all of the Debtors' assets, including 100% of the stock held by a Debtor in any of its domestic subsidiaries, and 65% of the stock held by a Debtor in any of its foreign subsidiaries. In addition to the Wachovia Loan, the Debtors also maintained a junior secured term loan and revolving line of credit with Madeline LLC, pursuant to that certain Financing Agreement dated as of April 13, 2004 (the "Madeline Loan Agreement"). As of the Petition Date, Madeline was owed approximately $200 million, all of which is under the term loan (the "Madeline Indebtedness"). The Madeline Indebtedness is secured by a lien in substantially all of the Debtors' assets. In addition to the Wachovia Loan Indebtedness and the Madeline Indebtedness, the Debtors estimate that their unsecured debt, exclusive of potential contract or lease rejection claims, totals approximately $66 million as of the Petition Date.

9.  On the Petition Date, the Debtors filed their motion (the "DIP Loan Motion") for orders authorizing the Debtors to obtain postpetition financing (the "DIP Financing") from Wachovia, as DIP lender (the "DIP Lender"), and to use the DIP Lender's cash collateral. On April 11, 2006, the Court entered its interim order on the DIP Loan Motion (the

"Interim Financing Order"). The Court subsequently entered a final order on the DIP Loan Motion on May 4, 2006 (the "Final Financing Order").

10. On May 23, 2006, the Court entered an order, inter alia, approving the sale (the "Sale") of substantially all of the assets of the Burnes Group to C.R. Gibson, Inc ("Gibson"). The Sale closed on May 25, 2006.

11. On August 16, 2006, the Court entered an order, inter alia, approving the sale (the "WearEver Sale") of substantially all of the assets of the WearEver Debtors to Groupe SEB USA ("SEB"). The WearEver Sale closed on August 16, 2006.

**Request for Relief**

12. By this Motion, the Debtors seek the issuance and entry of an order of this Court, pursuant to Bankruptcy Rule 3003(c) and Local Rule 2002-1(e), (a) establishing **November 15, 2006** as the deadline for filing proofs of claim (the "Claims Bar Date") with the Bankruptcy Services LLC, the "Claims Agent," in these cases for all claims arising prior to the Petition Date;[2] (b) establishing **November 15, 2006** as the deadline for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file claims against the Debtors arising before the Petition Date with the Claims Agent (the "Governmental Unit Bar Date"), which date is at least 180 days after the Petition Date in accordance with Bankruptcy Code § 502(b)(9); (c) establishing **November 15, 2006** as the deadline (the "503(b)(9) Administrative Bar Date," and, together with the Claims Bar Date, the Governmental Unit Bar Date, the "Bar Dates") for

---

[2] Pursuant to Local Rule 2002-1(e), the Debtors are requesting a Claims Bar Date that will allow creditors to receive at least sixty (60) days' notice of the bar date. Such notice period is in excess of the twenty (20) days contemplated in Bankruptcy Rule 2002(a)(7).

31604-001\DOCS_DE:120699.3

requiring all parties asserting administrative expenses against the Debtors' estates arising under Bankrutpcy Code § 503(b)(9) to file a request for payment of such administrative expense with the Claims Agent (the "503(b)(9) Administrative Expense Request"); (d) authorizing and approving the form and content of the proposed notice of the Bar Dates, in substantially the form annexed hereto as <u>Exhibit A</u> and incorporated herein (the "Bar Date Notice"); (f) approving the manner and method of the Debtors' dissemination of the Bar Date Notice to creditors, equity holders, and other interested parties, as set forth in the attached order; and (g) granting the Debtors such other and further relief as is just and proper.

13.    The following claims are excepted from the provisions of the Bar Date Order (the "Excepted Claims") and are <u>not</u> required to be filed on or before the Bar Dates:

a.    claims already duly filed in these Cases with the Claims Agent, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

b.    claims listed in the Debtors' schedules of assets and liabilities, or as listed in any supplements or amendments thereto (the "Schedules"), <u>if</u> the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim <u>and if</u> such claim is not designated therein as "contingent," "unliquidated," "subject to adjustment," "disputed," or "unknown" (or assigned a zero amount); and

c.    claims arising on or after the Petition Date, except as provided pursuant to the Administrative Bar Date.

## Basis for Relief

14. Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which proofs of claim or interest may be filed." Local Rule 2002-1(e) provides that a request for such bar date may be granted by the Court, without notice or a hearing, on 10 days' notice to the United States Trustee and the Committee, provided that the Schedules have been filed and the Bankruptcy Code § 341 meeting has been held, both of which have occurred, and provided that the bar date notice is served at least 60 days prior to the bar date and not less than 180 days from the Petition Date for governmental units, all of which are contemplated by this Motion.

15. Furthermore, Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity security holder must file a proof of claim, except as provided in Bankruptcy Rule 3003. Bankruptcy Rule 3003(b), which applies in chapter 11 cases, provides that the Schedules filed by a debtor shall constitute *prima facie* evidence of the validity and the amount of the claims of creditors, unless they are scheduled as disputed, contingent, unliquidated or unknown. In other words, no filing of a claim is necessary by a creditor for a claim that appears on the Schedules and which is not scheduled as disputed, contingent, unliquidated or unknown by the debtor and to which the debtor is in agreement.

16. Bankruptcy Rule 3003(c)(2), in turn, provides that any creditor or equity security holder whose claim or interest is not listed in the Schedules, or is listed as disputed, contingent, unliquidated or unknown, shall file a proof of claim within the time prescribed by subsection (c)(3) of that Bankruptcy Rule, and any such creditor who fails to file such a proof of

claim shall not be treated as a creditor with respect to such claim or interest for the purpose of receiving any distribution from the estate.

17. Prior to the date hereof, creditors and interested parties may have filed proof of claims with the Clerk of the Court or the Court-appointed Claims Agent in these cases. In order to avoid the result that creditors file duplicative claims in response to the Bar Date Notice to be served by the Debtors, the Debtors hereby propose that creditors who have already filed proofs of claim with the Court or Claims Agent not be required to file a proof of claim a second time.

18. Upon information and belief, the list of creditors that is contained in the Debtors' Schedules (or as listed in any supplements or amendments thereto) and the original matrix of creditors filed at the inception of the case includes the names and addresses of all known creditors and potential creditors of the Debtors.

19. The Debtors intend to serve a copy of the Bar Date Notice on or before **September 15, 2006**, by U.S. Postal Service first class mail, postage prepaid, on the following parties: (i) all known creditors, (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers, (iv) the Debtors' equity security holders, and (v) the Office of the United States Trustee.

20. For the reasons set forth above, the Debtors request approval of this Motion without notice and hearing pursuant to Del. Banrk. L.R. 2002-1(e).

31604-001\DOCS_DE:120699.3

### Notice

21.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) Wachovia Bank, National Association; (iii) Madeline LLC; (iv) Global Home Products Investors LLC; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

22.    No prior application for the relief sought herein has been duly made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and issue and enter the affixed order (a) fixing November 15, 2006, as the Claims Bar Date for prepetition claims, (b) fixing November 15, 2006, as the Governmental Unit Bar Date; (c) fixing November 15, 2006, as the 503(b)(9) Administrative Claims Bar Date;

31604-001\DOCS_DE:120699.3

(d) fixing the method and manner of the Debtors' delivery of notice of the establishment of the Bar Dates to creditors and other parties in interest, and (e) granting the Debtors such other and further relief as this Court deems just, proper and equitable.

Dated: September 1, 2006

        PACHULSKI STANG ZIEHL YOUNG JONES &
        WEINTRAUB LLP

        */s/ Brown*

        Laura Davis Jones (Bar No. 2436)
        David M. Bertenthal (CA Bar No. 167624)
        Bruce Grohsgal (Bar No. 3583)
        Joshua M. Fried (CA Bar No. 3889)
        Sandra G. M. Selzer (Bar No. 4283)
        919 North Market Street, 17th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400
        Email: ljones@pszyjw.com
              dbertenthal@pszyjw.com
              bgrohsgal@pszyjw.com
              jfried@pszyjw.com
              sselzer@pszyjw.com

        Counsel for the Debtors and Debtors in Possession

31604-001\DOCS_DE:120699.3